# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS PATRICK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DIAZ, et al.,<br><br>　　　　　Defendants. | **Case No. 1:17-cv-01121-SKO (PC)**<br><br>**ORDER TO SHOW CAUSE WHY:**<br>**(1) PLAINTIFF'S *IN FORMA PAUPERIS* STATUS SHOULD NOT BE REVOKED AND**<br>**(2) PLAINTIFF SHOULD NOT BE REQUIRED TO PAY THE FILING FEE**<br><br>**(Doc. 1)**<br><br>**TWENTY-ONE (21) DAY DEADLINE**<br><br>**CLERK OF THE COURT TO ASSIGN A DISTRICT JUDGE** |

Plaintiff, Nicholas Patrick, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint in this action on August 14, 2017. On that same date, Plaintiff filed an application to proceed in forma pauperis, which was granted after the action was transferred to this Court. (Docs. 2, 6.)

"In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Court may take judicial notice of court records. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). Here, judicial notice is taken of *Patrick v. Reyes, et al.*, 1:15-cv-01790-LJO-MJS (PC), closed October 28, 2016, on Plaintiff's voluntary dismissal after order

1

finding failure to state a claim; *Patrick v. Reynaga, et al.*, 1:16-cv-00239-LJO-MJS (PC), closed May 16, 2017, for failure to obey court order after finding Plaintiff failed to state a claim and failed to file an amended complaint; and *Patrick v. Petroff, et al.*, 1:16-cv-00945-AWI-MJS (PC), closed June 28, 2017, for failure to state a claim. Thus, Plaintiff had three strikes under §1915(g) before he filed this action.

Plaintiff may only proceed *in forma pauperis* in this action if his allegations show that he was under imminent danger of serious physical injury at the time it was filed. In this action, Plaintiff complains of events that occurred at the Substance Abuse Treatment Facility in Corcoran, California ("SATF"). However, when Plaintiff filed this action, he was housed at MuleCreek State Prison ("MCSP") in Ione, California. (*See* Doc. 1, p. 1.) The Complaint contains allegations regarding incidents that occurred at SATF. Plaintiff does not state any allegations of wrongdoing at MCSP and he was not in imminent danger of serious physical injury at the time he filed suit, which precludes him from proceeding *in forma pauperis* in this action. *Andrews v. Cervantes*, 493 F.3d 1047, 1056-57 (9th Cir. 2007).

Plaintiff had three strikes under 28 U.S.C. §1915(g) before he filed this action. The allegations in this action do not establish that Plaintiff was facing imminent danger of serious physical injury at the time the Complaint was filed when he was housed at MCSP.

Accordingly, it is **HEREBY ORDERED** that, **within twenty-one days** of the date of service of this order, Plaintiff **SHALL** show cause why his *in forma pauperis* status should not be revoked; alternatively, Plaintiff may file a notice of voluntary dismissal. The Clerk of the Court is directed to assign a district judge to this action.

IT IS SO ORDERED.

Dated:   **November 14, 2017**            /s/ *Sheila K. Oberto*
                                                             UNITED STATES MAGISTRATE JUDGE