# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS PATRICK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DIAZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:17-cv-01121-AWI-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND TO DISMISS WITHOUT PREJUDICE**<br><br>**(Doc. 2, 9, 10)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff, Nicholas Patrick, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint in this action on August 14, 2017. On that same date, Plaintiff filed an application under 28 U.S.C. § 1915 to proceed *in forma pauperis*, which was granted after the action was transferred to this Court. (Docs. 2, 6.)

On November 15, 2017, an order issued noting that Plaintiff had three strikes under § 1915 prior to initiating this action and, since he was not at the facility where his allegations occurred when he filed this action, Plaintiff did not meet the imminent danger of serious physical injury. (Doc. 9.) The order gave Plaintiff the opportunity to show cause ("OSC") why his *in forma pauperis* status should not be revoked. (Doc. 9.) Plaintiff filed a timely response. (Doc. 10.)

A prisoner may not proceed *in forma pauperis*:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

1

> fails to state a claim upon which relief may be granted, unless the prisoner is
> under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As noted in the OSC, court records reflect that on at least three prior occasions, while incarcerated, Plaintiff brought actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. (Doc. 9.) The OSC took judicial notice of *Patrick v. Reyes, et al.*, 1:15-cv-01790-LJO-MJS (PC) (closed October 28, 2016, on Plaintiff's voluntary dismissal after order granting leave to amend finding failure to state a claim); *Patrick v. Reynaga, et al.*, 1:16-cv-00239-LJO-MJS (PC) (closed May 16, 2017, for failure to obey court order after finding Plaintiff failed to state a claim and failed to file an amended complaint); and *Patrick v. Petroff, et al.*, 1:16-cv-00945-AWI-MJS (PC) (closed June 28, 2017, for failure to state a claim). Thus, to proceed *in forma pauperis*, Plaintiff must meet the exception to § 1915(g) by showing imminent danger of serious physical injury.

The exception under section 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time the action was filed. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). The court must look to the conditions the "prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056 (requiring that prisoner allege "an ongoing danger" to satisfy the immanency requirement). Courts need "not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055.

In Plaintiff's response to the OSC, he states that he "experienced imminent danger of serious physical injury" and lists a number of dates and inmate appeals he filed regarding instances of alleged sexual harassment and abuse at Mule Creek State Prison ("MCSP"). (Doc. 10.) However, as noted in the OSC, in this action, Plaintiff complains of events that occurred at the Substance Abuse Treatment Facility in Corcoran, California ("SATF"). (*See* Doc. 1.) When Plaintiff filed this action, however, he was housed at MCSP, not SATF. (*Id.*, at p. 1.) While the events listed by Plaintiff that occurred at MCSP may equate to imminent danger to meet the three strike's exception under § 1915(g) in a new action, they do not suffice in this action since it is

/ / /

based on events which allegedly occurred at SATF.[1]

Plaintiff does not show that he faced imminent danger of serious physical injury at the time he filed this action to meet the imminent danger exception of § 1915(g). Since Plaintiff had three strikes prior to filing this action and does not meet the imminent danger exception, his *in forma pauperis* status should be revoked. Accordingly, **IT IS HERBEY RECOMMENDED** that Plaintiff's *in forma pauperis* be revoked and this action be dismissed without prejudice to re-filing upon pre-payment of the $400 filing fee.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**December 4, 2017**__              /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The Court expressly declines to address whether the events at MCSP, listed in Plaintiff's response to the OSC, will suffice to meet the imminent danger exception if he chooses to file a separate action on those events. However, it is noted that Plaintiff wrote California State Prison - Sacramento as his return address on his response to the OSC, (Doc. 10, p. 1), so it is possible that events at MCSP will not suffice for the imminent danger exception should he choose to file a new action thereon. It is further noted that Plaintiff has not filed a notice of change of address and MCSP remains his address of in this action.

3